United States District Court
Southern District of Texas
FILED

JUL 2 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE: | District Court Civil Case # B-02-073 |
| Charles B. FELDMAN dba | District Court Civil Case # B-02-074 |
| Charles B. Feldman Investments | In Bankruptcy Case # 90-01254-B-11 |
| Debtor | In Chapter 11 |
| Colin Kelly KAUFMAN, Appellant | Appeal No. 02-05 |
| vs. | and |
| CKS ASSET MANAGEMENT, INC. & Michael BOUDLOCHE, Appellees | Appeal No. 02-06 |

Font: Korinna

## APPELLANT'S ORIGINAL RESPONSE
## TO APPELLEE MICHAEL BOUDLOCHE'S MOTION FOR CONTINUANCE

TO THE HONORABLE UNITED STATES DISTRICT BANKRUPTCY JUDGE:

NOW COMES Colin Kelly Kaufman, the Appellant, and for his Original Response to Appellee Michael Boudloche's Motion for Continuance, respectfully shows the Court as follows:

I. <u>Response to Numbered Paragraphs</u>.

1. <u>Current Setting</u>. Appellant admits that there is a setting on August 26, 2002 on the captioned appeals, as alleged in Paragraph I of the Motion. Appellant was under the impression from talking to Mr. Boudloche's counsel that he had talked to Judge Tagle's setting clerk, and there was a good possibility that the appeal would be argued at that setting, rather than a pre-trial conference being held. Also, Appellant understood from the message left on his answering machine by Mr. Boudloche's counsel not that it was impossible for them to attend on August 26, because they could travel the day before or in the morning, but that it was inconvenient because he wanted to take a little vacation

immediately after his converence, and the setting would require him to postpone that. So Appellant is unable to admit or deny the balance of Paragraph I of the motion, after the first sentence.

2. Appellant is unable to admit or deny the allegations of Paragraph II of the motion for lack of knowledge; but does not intend to allege or suggest any improper motive for the proposed delay.

## II. Affirmative Defenses.

3. <u>Appellant Needs to Hurry</u>. Appellant would point out that these appeals do not exist in a vacuum, and that other pending matters are affected by them. It could make a great deal of difference to Appellant if these appeals were decided before further developments were had elsewhere. So, even though Appellant normally would agree to such a request just as a professional courtesy to counsel on the other side, Appellant was not willing to do so on this occasion.

4. <u>Separate Motion</u>. Appellant has filed along with this response a motion for the Court to take judicial notice of the contents of file before Chief United States District Judge George P. Kazen, concerning a grievance filed by Appellee CKS Asset Management, Inc. (or its principal, Steve Ditto, or its lawyer, Matthew A. Rosenstein, or some combination) against the Appellant. The proceedings and matters discussed therein will explain why Appellant is in a hurry.

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully asks the court to deny any further delays in the progress of the captioned appeals, and let Appellant to go hence without day from any attempts to cause the same.

Respectfully submitted,

_Colin Kelly Kaufman_
Colin Kelly Kaufman, in propria personam
State Bar of Texas # TN 130000
So. Dist. Federal ID # 9242

Colin Kelly Kaufman, Attorney at Law
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662

Telephone (361) 888-8865
Telecopier (361) 888-8172

### Certificate of Service

I certify I had one of the personnel at this law office serve the foregoing writing on the persons shown on the Appellate Service List which follows, by U.S. mail, first class postage prepaid, this 26th day of July, 2002.

_Colin Kelly Kaufman_
Colin Kelly Kaufman