United States District Court
Southern District of Texas
FILED

AUG 0 6 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE: | District Court Civil Case # B-02-073 |
| Charles B. FELDMAN dba | District Court Civil Case # B-02-074 |
| Charles B. Feldman Investments | In Bankruptcy Case # 90-01254-B-11 |
| Debtor | In Chapter 11 |
| Colin Kelly KAUFMAN, Appellant | Appeal No. 02-05 |
| vs. | and |
| CKS ASSET MANAGEMENT, INC. & Michael BOUDLOCHE, Appellees | Appeal No. 02-06 |

Font: Korinna

APPELLANT'S RESPONSE
TO APPELLEE MICHAEL BOUDLOCHE'S AMENDED MOTION FOR CONTINUANCE

TO THE HONORABLE UNITED STATES DISTRICT BANKRUPTCY JUDGE:

NOW COMES Appellant C. K. Kaufman, and for his Response to Appellee Michael Boudloche's Amended Motion for Continuance, respectfully shows the Court as follows:

I. Response to Numbered Paragraphs.

1. Current Setting. Appellant admits that there is a setting on August 26, 2002 on the captioned appeals, as alleged in Paragraph I of the Motion. Appellant was under the impression from talking to Mr. Boudloche's counsel that he had talked to Judge Tagle's setting clerk, and there was a good possibility that the appeal would be argued at that setting, rather than a pre-trial conference being held. Also, Appellant understood from the message left on his answering machine by Mr. Boudloche's counsel, not that it was impossible for them to attend on August 26 (evidently because they could travel the day before or in the morning of the day of the hearing) but that it was inconvenient because he wanted to take a little vacation immediately after his conference, and the setting would

require him to postpone that.[1] So Appellant is unable to admit or deny the balance of Paragraph I of the motion, after the first sentence.

2. Why. Appellant is unable to admit or deny the allegations of Paragraph II of the motion for lack of knowledge; but does not intend to allege or suggest any improper motive for the proposed delay.

II. Other Considerations.

3. Appellant Needs to Hurry. Appellant would again point out that these appeals do not exist in a vacuum, and that other pending matters are affected by them. It could make a great deal of difference to Appellant if these appeals were decided before further developments were had elsewhere. So, even though Appellant normally would agree to such a request just as a professional courtesy to counsel on the other side, Appellant was not willing to do so on this occasion.

4. Judicial Notice. Appellee Boudloche objects to Appellant asking the Court to take judicial notice of another file in the hands of the United States District Court for the Southern District of Texas, because Appellant allegedly "is attempting to improperly interject into this appeal the record in the Grievance Proceeding against him now pending before Judge Kazen" and the "Trustee is not a party to that grievance proceeding" and that proceeding allegedly "is not relevant to this appeal" which is to be "decided on the record established in the Bankruptcy Case" because it "is improper to consider evidence outside the record established in the Bankruptcy Case."

---

[1] Appellant still has the message at his answering service, and it can be played back for the Court, if there is any question about what it says.

A. <u>Same Rules Should Govern Both Sides</u>.  Obviously, a motion for continuance of an appeal will seldom be based on matters in the original record.  The Motion for Continuance of appellee Boucloche here is no different.  It is based on matters outside the record before the bankruptcy court.  Appellant is not going anywhere that Appellee does not go first.  Appellant goes not a step further than Appellee does, when Appellant asks that this Court also consider what is important to Appellant on the issue of delays and timing of this appeal, as well as what Appellee Boudloche thinks is important to himself.  What is sauce for the goose is sauce for the gander.  Both sides need to play by the same rules.  If Appellee can go outside the record to get a continuance, Appellant can go outside the record to oppose that continuance.

B. <u>The Other Appellee Is a Party</u>.  Appellee Boudloche may not be a party to the grievance proceeding; but Appellee CKS Asset Management, Inc. surely is.  So the absence of Appellee Boucloche is technically accurate; but in substance and in truth, Appellee Boudloche is represented in that proceeding by his fellow appellee, and stands to gain any benefits that CKS could gain by that proceeding – and so also ought to bear the risk of any adverse outcome from that proceeding.

C. <u>It Is Related</u>.  A lot of the file, probably a majority of it, before Judge Kazen, is already in the record on appeal.  That file dates back to August of 2001, before there was any possibility of appeal.  To be sure, the recent developments which explain why Appellant wants to hurry are not in the record on appeal; but it is an error to consider that the grievance matter and the appeal are unrelated.  The appeal might finally decide the remaining issues in the grievance proceeding, if the decision is sufficiently final that

Judge Kazen can follow it in his own proceeding, and he so chooses. So the allegation of unrelatedness is fundamentally wrong.

   D. <u>Still Seeking Delay</u>. If Appellee did not want the Court to consider why Appellant wants to hurry with these appeals, he should not have sought the delay. After knowing that Appellant was asking for judicial notice to establish his defense to the delay sought, Appellee Boudloche nevertheless RENEWED his motion for continuance. He ought to be deemed to have waived any objection to judicial notice by doing that.

   WHEREFORE, PREMISES CONSIDERED, Appellant respectfully asks the court to deny any further delays in the progress of the captioned appeals, and let Appellant to go hence without day free from any attempts to cause the same.

                              Respectfully submitted,


                              _____
                              Colin Kelly Kaufman, in propria personam
                              State Bar of Texas # 11113000
                              So. Dist. Federal ID # 9242

Colin Kelly Kaufman, Attorney at Law
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662

Telephone (361) 888-8865
Telecopier (361) 888-8172

<u>Certificate of Service</u>
   I certify I had one of the personnel at this law office serve the foregoing writing on the persons shown on the Appellate Service List which follows, by U.S. mail, first class postage prepaid, this 5th day of August, 2002.

                              _____
                              Colin Kelly Kaufman

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE: | District Court Civil Case # B-02-073 |
| Charles B. FELDMAN dba | District Court Civil Case # B-02-074 |
| Charles B. Feldman Investments | In Bankruptcy Case # 90-01254-B-11 |
| Debtor | In Chapter 11 |
| Colin Kelly KAUFMAN, Appellant | Appeal No. 02-05 |
| vs. | and |
| CKS ASSET MANAGEMENT, INC. & Michael BOUDLOCHE, Appellees | Appeal No. 02-06 |

Font: Korinna

### ORDER DENYING AMENDED MOTION FOR CONTINUANCE

CAME ON to be considered the Amended Motion for Continuance filed herein by Appellee Michael BOUDLOCHE, and it appearing to the Court that while such a motion would normally be granted, in these circumstances there are countervailing considerations weighing against delay;

It is accordingly therefore hereby ORDERED that the said Appellee's Amended Motion for Continuance of the hearings set for August 26, 2002 be, and hereby is, DENIED.

So ordered this date, _____.

                                                      Hon. Hilda Tagle
                                                    United States District Judge

After entry, copies to:

Michael B. Schmidt, Esq., 712 American Bank Plaza, Corpus Christi, TX. 78475; FAX (361) 884-6000
C. K. Kaufman, Esq., P. O. Box 1662, Corpus Christi, TX. 78403-1662; FAX (361) 888-8172
Matthew A. Rosenstein, Esq., 711 N. Carancahua #420, American Bk. Plaza, Corpus Christi, TX. 78401; FAX (361) 883-5590

## Appellant Service List

1.  Matthew A. Rosenstein, Esq.
    420 American Bank Plaza
    Corpus Christi, TX 78475

    FAX (361)883-5590

2.  Richard Grant, Esq.
    3102 Oak Lawn #700
    Dallas, TX 75219

    FAX (214)777-5082

3.  Michael B. Schmidt, Esq.
    712 American Bank Plaza
    Corpus Christi, TX 78475

    FAX (361)884-6000

4.  Ron Simank, Esq.
    Schauer & Simank, Attys.
    615 N. Upper Broadway, Ste.2000
    Corpus Christi, TX 78476

    FAX (361)884-2822

5.  James P. Moon, Esq.
    6001 Summerside Dr., Ste. 200
    Dallas, TX 75252

    FAX (361)931-1452

6.  Colin Kelly Kaufman
    P. O. Box 1662
    Corpus Christi, TX 78403-1662

    FAX (361)888-8172